

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Carol Gili, | CIV 09-4176 |
| Plaintiff, | |
| vs. | VERIFIED COMPLAINT |
| McRick, Inc. d/b/a McDonald's, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the above-named Plaintiffs, by and through the undersigned attorney, and state as follows:

### Nature of the Case

1. This is an action at law and in equity for damages, brought by the Plaintiffs for injuries resulting from the unlawful conduct of the Defendant.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 and additionally, the Court's supplemental jurisdiction is invoked under 28 U.S.C. § 1367.

3. Plaintiff has exhausted her administrative remedies and received her right to sue letter from the Equal Employment Opportunity Commission on or about September 23, 2009. This suit has been brought within the time set forth therein.

### Facts Common To All Allegations

4. Plaintiff is a female person who at all times relevant herein was a resident of Minnehaha County, South Dakota and who at all relevant times herein was employed by the Defendant.

5. At all times relevant herein, Defendant was a corporation with several restaurants doing business as McDonald's in Sioux Falls, South Dakota.

6. Plaintiff was hired by Defendant in August of 2008.

7. During the course of her employment, Plaintiff was discriminated against by her

1

employer on the basis of her gender, including but not limited to the conduct hereinafter described.

8. Beginning in August of 2008, Bonnie Eitreim, a management employee of the Defendant, started making comments to Plaintiff about the "swinging" lifestyle. Eitreim stated, "Carol, did you ever get into the swing style or nude style?" Plaintiff replied, "No, why?" Eitreim answered, "Because that's what me and my husband do."

9. Over a course of time Eitreim made other statements such as: "Your pigtails look cute."; "You've got pretty nails.", after grabbing Plaintiff's hand; and "Oh Carol, you look like a partier. You should come to my house and party with me and my husband."

10. Eitreim frequently offered rides home with Plaintiff accepted on two occasions. Other employees knew that Plaintiff was uncomfortable with Eitreim's homosexual come-ons and frequently intervened by offering Plaintiff a ride instead.

11. In the fall of 2008 Eitreim made sexual references regarding the frosting on a Cinnamelt – a product at McDonalds. Plaintiff had frosting on her shirt by her breast. Eitreim pointed this out, stating, "You have frosting on your shirt" Eitreim then used her finger to wipe it off and then sucked the frosting from her finger in an exaggerated sexually suggestive way.

12. In mid Decmber, 2008, Eitreim directed her husband to send Plaintiff a letter describing the couple's sexual lifestyle and inviting Plaintiff to participate.

13. Plaintiff immediately presented the letter to Eitreim's manager and demanded to be separated from Eitreim. Plaintiff request was denied.

14. In late December, 2008, a week or so after receiving the letter from Eitreim written by Eitreim's husband, Eitreim inappropriately touched Plaintiff's buttock by using her hand and squeezing firmly.

15. Later that day Eitreim made an inappropriate comment about coffee creamer which had spilled. Carol said, "Eitreim, you spilled cream. Aren't you going to clean it up?" Eitreim replied, "Oh, what does that remind you of Carol?" Plaintiff replied, "Just shut up and clean it up.

16. Eitreim also sent Plaintiff more than a hundred e-mails. These include crude sexual jokes and images, including one picture of a cat masturbating.

17. In the days following Plaintiff's complaint against her shift manager, other superiors ridiculed Plaintiff because she complained against Eitreim. Additionally, one manager threatened to fire her if she did not stop being such a "pain in the ass," implying that Plaintiff could lose her job if she did not stop pursuing a sexual harassment claim.

18. After repeated complaints by Plaintiff, Defendant eventually agreed to ensure that Plaintiff and her harasser did not continue to work together. To do this, Defendant transferred Plaintiff to a different store.

19. Management at the new location also took actions that embarrassed and harassed Plaintiff. Offering Plaintiff a new position as "Breakfast Coffee Coordinator" management qualified that offer verbally and loudly to Plaintiff as "not a sexual [one]" in front of the entire staff, implying to the other employees that Ms. Gili previously had made a sexual harassment claim.

20. On February 17, 2009 Plaintiff informed management that she had suffered back injuries that required her to take some time off from work. Plaintiff provided management with a note from her doctor in this regard. Plaintiff was told that the time off would be "no problem" and that Plaintiff should advise management when she was next available to work again.

21. Plaintiff's employment was subsequently terminated upon the pretext that was not entitled to take medical leave.

## Causes of Action

### COUNT I.

(VIOLATION OF 42 U.S.C. § 2000e et seq. (Title VII))

1. Plaintiff re-alleges and incorporates by reference herein, paragraphs 4-21 through of the factual allegations.

2. The Defendants engaged in sexual discrimination against Plaintiff.

3. Defendant's actions as set forth herein were in violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 2000e et seq. (Title VII).

### COUNT II.

(VIOLATION OF 42 U.S.C. § 1981)

1. Plaintiff re-alleges and incorporates by reference herein, paragraphs 4 through 35 of the factual allegations.

2. The Defendant intentionally discriminated against Plaintiff in the enforcement and termination of her contract of employment with Defendant because of Plaintiff's gender.

### COUNT III.

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1. Plaintiff re-alleges and incorporates by reference herein, paragraphs 4 through 35 of the factual allegations.

2. The conduct and the actions of the Defendant were intentional and with reckless disregard for the rights and well being of the Plaintiff, amounting to extreme and outrageous conduct. These acts were intended to cause Plaintiff severe emotional distress and said conduct is the cause of Plaintiff's injuries.

3. The aforementioned actions by Defendant were willful, malicious, extreme and outrageous, and without reasonable grounds or probable cause, and being of a very serious kind and exceeding conduct that is usually tolerated by decent society.

4. As a result of the above-mentioned acts, Plaintiffs' experienced severe emotional distress, significant harm to their reputation, great shame, embarrassment and humiliation.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Compensatory damages in an amount necessary to compensate, reimburse and make the Plaintiffs whole for the Defendants' intentional and wrongful actions;

2. Punitive damages in an amount calculated to appropriately punish the Defendants for willfully and maliciously engaging in said conduct towards the Plaintiffs in an amount necessary to deter the Defendants from engaging in such conduct in the future;

3. Plaintiffs' costs disbursements and attorney fees herein; and

4. Such other relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Comes now the above-mentioned Plaintiff and pursuant to rule 38(b) of the Federal Rules of Civil Procedure hereby demands a trial by jury of all issues so tribal as alleged in this complaint.

Dated this 30th day of October, 2009.

CAROL GILI, being first duly sworn on her oath, states that she is the Plaintiff named in the foregoing Verified Complaint; she has read the contents thereof and the same is true and

correct of her own knowledge, except as to those matters therein stated on information and belief; as to those matters, she believes them to be true.

Dated at Sioux Falls, South Dakota, this ___30th___ day of October, 2009.

_____
CAROL GILI

Subscribed and sworn to before me this ___30___ day of October, 2009.

REBECCA ANDERSON
NOTARY PUBLIC
SOUTH DAKOTA

_____
Notary Public - South Dakota
My Commission Expires
My Commission Expires
November 6, 2013

**CREW & CREW**

_____
RICK L. RAMSTAD
141 N. Main, Suite #706
P. O. Box 923
Sioux Falls, SD 57101-0923
(605) 335-5561
Email rick@crewandcrew.com
Attorney for Plaintiff